IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

REO COVINGTON,

                Petitioner,

v.

WILLIAM POLLARD, Warden,
Waupun Correctional Institution,

                Respondent.

OPINION AND ORDER

13-cv-420-wmc

---

Petitioner Reo Covington has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the revocation of his parole. He has paid the filing fee in this case and the petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. For reasons set forth briefly below, the court concludes that the petition must be dismissed without prejudice as premature.

FACTS

On August 25, 2008, Covington pled guilty to the felony offense of robbery with use of force in Dane County Case No. 2002CF913. The circuit court sentenced Covington to five years' imprisonment, followed by a five-year term of extended supervision. Covington began serving his term of extended supervision on June 12, 2009, when he was released from prison on parole. His parole was revoked on February 27, 2012, after new charges of armed robbery were filed against Covington in Dane County Case No. 2012CF32.

Covington filed more than one post-judgment motion to challenge the revocation

of his parole in Dane County Case No. 2002CF913, alleging that he was denied effective assistance of counsel during his parole revocation. After the circuit court denied relief, Covington filed a notice of appeal to challenge his parole revocation.[1] *See State v. Covington*, No. 2012AP2799.

On June 13, 2013, Covington filed the pending federal habeas corpus petition pursuant to 28 U.S.C. § 2254, seeking relief from his parole revocation in Dane County Case No. 2002CF913. Covington contends that he is entitled to relief because he was denied effective assistance of counsel as well as the right to due process and equal protection during his parole revocation proceeding.

## OPINION

Covington concedes that, to date, the state courts have not yet ruled on the issues that he presents in the pending federal habeas corpus petition. Public records confirm that the Wisconsin Court of Appeals has not yet decided Covington's appeal, which remains pending.

The federal habeas corpus statutes require a petitioner to exhaust all remedies that are "available in the courts of the State" before seeking relief in federal court. 28 U.S.C. § 2254(b)(1)(A). When a state prisoner alleges that his continued confinement violates federal law, the doctrine of exhaustion ensures that state courts have "the first

---

[1] These facts are drawn from the petition and a review of the state circuit and appellate court's electronic docket sheets, available at http://wscca.wicourts.gov (last visited August 24, 2013).

2

opportunity to review this claim and provide any necessary relief." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999). Claims are exhausted when they have been presented to the highest state court for a ruling on the merits or when state remedies no longer remain available to the petitioner. *Engle v. Isaac*, 456 U.S. 107, 125 n. 5 (1982).

Because it appears that the validity of Covington's parole revocation is under consideration by the Wisconsin Court of Appeals, comity dictates that this court dismiss the federal petition without prejudice so that the state courts may complete the adjudication of his claims. *See Castille v. Peoples*, 489 U.S. 346, 349 (1989); *Rose v. Lundy*, 455 U.S. 509, 522 (1982); *see* 28 U.S.C. § 2254(b)(1)(A). Accordingly, the court will dismiss the petition as premature.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Tennard v. Dretke*, 542 U.S. 274, 282 (2004). A petitioner makes a "substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008). Where denial of relief is based on procedural grounds, the petitioner also must show that jurists of reason "would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

For the reasons stated above, reasonable jurists would not debate the decision that Covington's petition is premature because most of his claims are unexhausted and are still pending review in state court. Therefore, no certificate of appealability will issue.

ORDER

IT IS ORDERED THAT:

1. The federal habeas corpus petition filed by Reo Covington is DISMISSED without prejudice for failure to exhaust state remedies.

2. A certificate of appealability is DENIED. Petitioner may seek a certificate from the court of appeals under Fed. R. App. P. 22.

Entered this 28th day of August, 2013.

BY THE COURT:

WILLIAM M. CONLEY
District Judge